UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME DWIGHT TILL,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

File No. 1:07-CV-55

HON. ROBERT HOLMES BELL

**O P I N I O N**

This matter comes before the Court on Movant Jerome Till's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him by this Court on August 19, 2004. Also pending are a number of supplemental or ancillary motions filed by Movant Till (Docket ##2, 3, 4, 5).

**I.**

On January 4, 2003, Officer Kasha Lowe pulled over a vehicle because neither the driver nor the passenger was wearing a seatbelt. (Trial Tr. at 26-27.) The driver and owner of the vehicle was Tracey Shauver. (Trial Tr. at 107.) Movant Till was the passenger in the vehicle. After obtaining driver's licenses from both Till and Shauver, together with the insurance and registration for the vehicle, Officer Lowe determined Shauver was driving on a suspended license. (Trial Tr. at 27.) Lowe arrested Shauver and received Shauver's consent to search the vehicle. (Trial Tr. at 28-29, 108.) Lowe asked Till to leave the vehicle,

and she frisked him and asked him to place his hands on the front of the car while she searched it. (Trial Tr. at 29.) During the search, Lowe found two baggies of marijuana in the glove box and a gun sticking out between the seats. She then told Movant he would be detained because the search had revealed some illegal items. (Trial Tr. at 29.) During the jail booking process, officers discovered six rocks of crack cocaine on Movant's person. *United States v. Till*, 434 F.3d 880, 882 (6th Cir. 2006). In a subsequent interview with police, Movant admitted that he had possessed the handgun for protection for approximately three months. *Id.*

A grand jury returned an indictment on August 6, 2003, charging Movant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On October 10, 2003, Movant entered a plea of guilty to the charge. He subsequently was allowed to change counsel and, on April 9, 2004, was permitted to withdraw his plea. Following a one-day jury trial, Movant was convicted of the offense on May 11, 2004. On August 17, 2004, he was sentenced to 120 months in prison and a $2,400 fine. Movant appealed his sentence, challenging the Court's finding of facts during sentencing, in violation of *United States v. Booker*, 543 U.S. 220 (2005). Movant also challenged the admission of evidence that Movant possessed marijuana and cocaine. On January 20, 2006, the Sixth Circuit affirmed the judgment, upholding this Court's imposition of an identical alternative sentence reached by consideration of the guidelines as advisory.

Movant filed the instant motion on January 19, 2007. In his § 2255 motion, Movant raises three arguments: (1) the search and seizure leading to discovery of the drugs and weapon was illegal; (2) Movant's sentence was improperly enhanced based on offenses that were not charged; and (3) the sentence was disproportionate.

**II.**

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). A petitioner is procedurally barred from raising claims in a § 2255 motion, even those of constitutional magnitude, to which no contemporaneous objection was made or which were not presented on direct appeal. *Frady*, 456 U.S. at 167-68; *Nagi v. United States*,

90 F.3d 130, 134 (6th Cir. 1996). Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 only if the defendant first demonstrates either cause for the default and actual prejudice or that he is actually innocent. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998). The procedural default rule does not apply, however, to claims of ineffective assistance of counsel. Claims of ineffective assistance of trial counsel generally are not reviewable on direct appeal because the record may be inadequate to permit review. *See Massaro*, 538 U.S. at 504-05; *United States v. Kincaide*, 145 F.3d 771, 785 (6th Cir. 1998); *United States v. Tucker*, 90 F.3d 1135, 1143 (6th Cir. 1996). Consequently, such claims may be raised for the first time in a § 2255 proceeding, without regard to a failure to raise them on direct appeal. *See Tucker*, 90 F.3d at 1143; *United States v. Allison*, 59 F.3d 43, 47 (6th Cir. 1995).

In an action to vacate or correct the sentence, a court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255.

> The statute "does not require a full blown evidentiary hearing in every instance . . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made."

*Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)).  No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995), *quoted in Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

### III.

The files and records in this case conclusively show that Movant is not entitled to relief.

Two of Movant's three claims are procedurally barred because they were not raised on direct appeal.  *Bousley*, 523 U.S. at 621.  Movant therefore must demonstrate both cause excusing his default and actual prejudice or actual innocence.  Till does not assert that he is actually innocent of the offense.  He contends, however, that the ineffective assistance of counsel constitutes cause excusing his procedural default.

Ineffective assistance of counsel satisfies the cause requirement for overcoming procedural default.  *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991).  In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel.  To establish a claim of ineffective assistance of counsel, the petitioner must prove:  (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient

performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Id.* A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi*, 90 F.3d at 135 (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if he was not prejudiced by counsel's error. *Id.* at 691. To establish prejudice, the defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

When deciding a claim of ineffective assistance of counsel, a court "need not address both components of the inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) (quoting *Strickland*, 466 U.S. at 697). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of

sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697.

> A.   Illegal Search and Seizure

Movant contends that the police reports and trial record do not indicate why the vehicle was stopped and do not demonstrate probable cause for that stop. He argues that, even if the stop was proper, no reasonable suspicion existed under *Terry v. Ohio*, 392 U.S. 1, 25-27 (1968), to justify the search. He further asserts that, once the driver had been arrested, he should have been permitted to leave and that his continued detention during the search of the vehicle exceeded the proper scope of the stop.

Movant cannot demonstrate either prong of the *Strickland* test. He therefore cannot demonstrate cause excusing his procedural default or actual prejudice.

An officer is justified in stopping a vehicle upon observation of a traffic violation. *See United States v. Copeland*, 321 F.3d 582, 592 (6th Cir. 2003) (holding that traffic stop does not violate the Fourth Amendment when the officer has probable cause to belief a traffic violation has occurred). The record reflects that Officer Lowe had probable cause to make the traffic stop because she personally observed that neither Shauver nor Till was wearing a seat belt, an offense under Michigan law. Officer Lowe testified that she advised Shauver and Till of the reason for the stop. (Trial Tr. at 27.) Moreover, Movant does not dispute that both he and Shauver were unbuckled.

7

Having made a lawful stop, Officer Lowe established that Shauver was driving on a suspended license and placed her under arrest. Lowe then was justified in searching the interior of the vehicle as a search incident to arrest. *See, e.g., United States v. Romero*, 452 F.3d 610, 619-20 (6th Cir. 2006) (upholding search of passenger compartment of vehicle after arrest of driver); *United States v. Dishman*, 12 F. App'x 289, 293 (6th Cir. 2001). Lowe was further justified in searching the vehicle because Shauver, the driver and owner, consented to the search. *See Florida v. Jimeno*, 500 U.S. 248, 251 (1991) (authority to search passenger compartment includes authority to search items and containers within car). As a passenger in the car without any possessory interest in the vehicle, Movant was without an expectation of privacy in the car. *United States v. Elmore*, 304 F.3d 557, 560-62 (6th Cir. 2002) (holding that passenger had no right to challenge search of vehicle in which he had no possessory or proprietary interest). Moreover, even if Till had some expectation of privacy, Shauver's consent to the search nullified that interest. *Dishman*, 12 F. App'x at 293 (citing *United States v. Dunson*, 940 F.2d 989, 995 (6th Cir. 1991)).

To the extent Till argues that Lowe violated his Fourth Amendment rights by ordering him out of the vehicle during the search, his claim again is meritless. "A concern for officer safety permits a variety of police responses in differing circumstances, including ordering a driver and passenger out of a car during a traffic stop." *Bennett v. City of Eastpointe*, 410 F.3d 810, 822 (6th Cir. 2005).

Because Movant lacked a reasonable basis for prevailing on a motion to suppress, he cannot demonstrate the ineffective assistance of counsel necessary to overcome his procedural default. The Government has submitted the affidavits of both of Movant's attorneys, who aver that they fully considered the circumstances of the search and concluded that no valid grounds existed for a motion to suppress. (Docket ##11-3, 11-4.) That conclusion is fully supported by the Court's analysis. An attorney's failure to make a frivolous or meritless motion does not constitute ineffective assistance of counsel. *See Chegwidden v. Kapture*, 92 F. App'x. 309, 311 (6th Cir. 2004); *A.M. v. Butler*, 360 F.3d 787, 795 (7th Cir. 2004); *James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990); *United States v. Wright*, 573 F.2d 681, 684 (1st Cir. 1978).

  B. <u>Disproportionate Sentence</u>

Movant claims that his offense is disproportionate because he received a longer term than certain defendants may receive under state law. Because he did not raise the issue on appeal, Movant's claim is procedurally defaulted. *Massaro*, 538 U.S. at 504; *Bousley*, 523 U.S. at 621. Movant cannot demonstrate that his procedural default is excused by the ineffective assistance of counsel because the claim is entirely without merit.

The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583. A sentence

9

that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Furthermore, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Movant was not sentenced to death or life in prison without the possibility of parole. Therefore, Movant's sentence does not run afoul of the Eighth Amendment's ban of cruel and unusual punishment.

Moreover, to the extent Movant attempts to suggest that he was punished more severely than unnamed state-court defendants, he fails to raise a serious constitutional issue. Disparities between federal and state criminal sanctions are a legitimate and accepted by-product of a federal system and do not constitute a basis for sentencing departures. *See United States v. Laton*, 352 F.3d 286, 291 n.4 (6th Cir. 2003) (disparities are necessary by-product of federalist system) (citing *Heath v. Alabama*, 474 U.S. 82, 89-90 (1985)).

Movant suggests, however, that counsel was ineffective for failing to pursue a two-year plea agreement with the state. He argues that a national initiative, entitled Project Safe Neighborhoods (PSN), is administered by the United States Attorney for each federal district in the United States. *See* Project Safe Neighborhoods' Web Page, http://www.psn.gov/about/execsumm.html. According to Movant, under the PSN program as administered in the Eastern District of Michigan, a defendant is offered a plea agreement

of at least two years by the state prosecutor. The defendant is advised that, should he reject the plea agreement, his case will be transferred to the United States, where the sentence is likely to be more severe.

Movant argues that he should have been offered a two-year plea agreement by the state prosecutor before being transferred for federal prosecution. In support of his claim, he cites *United States v. Nixon*, 315 F. Supp. 2d 876 (E.D. Mich. 2004). In *Nixon*, the defendants initially were charged by the state prosecutor, offered two-year plea agreements and advised that their cases would be transferred to the United States if they declined the plea offers. The defendants declined the plea offer and were indicted in federal court, where they became aware that they faced lengthy sentences of which they had not previously been advised. The *Nixon* court found defense counsel ineffective for failing to advise the defendants of the full range of sentencing consequences prior to the time they made their decisions not to plead guilty to the state charges. *Id.* at 878. In order to determine the appropriate remedy for counsels' deficient performance, the district court ordered production of a variety of information about the PSN program. Movant has requested the same information in his presently pending motion for *subpoena duces tecum*.

Here, unlike in *Nixon*, no evidence exists that state and federal prosecutors in the Western District of Michigan have the sort of charging agreement existing in the Eastern District of Michigan. *See Carroll v. United States*, No. 5:06-CV-5, 2006 WL 1459838, at *4 (W.D. Mich. May 24, 2006) (finding no such agreement). In addition, Movant

11

acknowledges that he was never offered a two-year plea agreement – or any other plea agreement – by state prosecutors. (Def's Mot. for Order for *Subpoena Duces Tecum* at 2; Docket #5.) Indeed, Movant was never charged in the state system, rendering the existence of a PSN agreement between the state and federal prosecutors meaningless.

For all these reasons, Movant fails to establish any manner in which his attorney was ineffective. He therefore fails to overcome his procedural default.

C. *Booker* Claim

In his final ground for relief under § 2255, Movant argues that the sentencing judge impermissibly and inaccurately assessed a two-level enhancement based on a finding that the gun was stolen, and a four-level enhancement based on a finding that the gun was being utilized in connection with another felony offense, possession of marijuana and cocaine. Movant contends that the enhancement of his sentence based on facts neither admitted by Movant nor found by the jury violates his Sixth Amendment rights under the rule set forth in *United States v. Booker*, 543 U.S. 220 (2005).

The *Booker* issue was raised in Movant's direct appeal to the Sixth Circuit. The Sixth Circuit affirmed the sentence, concluding that the sentence of the district court did not violate *Booker*, inasmuch as the court ordered an alternative sentence of the same length, after having considered guidelines as advisory only.

The Sixth Circuit's determination on this issue constitutes the law of the case. *See Bowles v. Russell*, 432 F.3d 668, 676-66 (6th Cir. 2005) ("The gist of the [law-of-the-case]

doctrine is that once an appellate court either expressly or by necessary implication decides an issue, the decision will be binding upon all subsequent proceedings in the same case . . . ."). Further, Movant's challenge is barred by the relitigation doctrine. In a § 2255 motion, arguments raised on direct appeal are, "[a]bsent exceptional circumstances, or an intervening change in the case law . . . ," foreclosed on collateral review. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999). Movant fails to allege any "exceptional circumstances" that would permit him to avoid the doctrine and relitigate the issue on collateral review. *Id.*; *see also DuPont v. United States*, 76 F.3d 108, 110-11 (6th Cir. 1996); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) (relitigation doctrine is "well-settled"). Till's claim therefore will be denied.

## IV.

Movant Till has filed a number of motions simultaneously with his § 2255 motion. First, he has filed a motion for remand to state court in accordance with the PSN policy of a two-year plea agreement (Docket #2). Second, he has filed a "Supplement to Rectify a 'Miscarriage of Justice,'" in which he again asserts the ineffective assistance of counsel in failing to obtain or convey a two-year plea agreement "as required by Project Safe Neighborhoods" (Docket #3). Third, he moves for an "appropriate sentence" in accordance with *Booker* (Docket #4). Fourth, he seeks a *subpoena duces tecum* ordering release of five types of documents related to Project Safe Neighborhoods (Docket #5).

Each of the first three motions reiterate or embellish the claims raised in the § 2255 motion, all of which have previously been addressed by the Court. For the reasons previously stated, the motions are denied.

The fourth motion seeks a *subpoena duces tecum* for discovery of a variety materials related to the Project Safe Neighborhoods program. "Habeas prisoners have no right to automatic discovery." *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)). Rule 6 of the Rules Governing Section 2255 Proceedings requires that a party requesting discovery show good cause and provide reasons for the requested discovery. *Id.* Such a showing requires "specific allegations of fact" that demonstrate to a court that additional discovery may enable the defendant to show that he is entitled to relief. *Williams*, 380 F.3d at 974. A conclusory statement that "good cause" exists is insufficient. *Id.* at 974 n.24. The moving party has the burden of establishing the materiality of the requested discovery. *Id.* Rule 6 does not permit a defendant to embark upon a "fishing expedition" based solely on conclusory allegations. *Id.*

Movant has not demonstrated entitlement to the discovery in issue. Movant seeks reports and statistical information concerning how the PSN program is conducted and a comparison of sentences under state and federal prosecutions. He bases the request on the district court's order in *Nixon*, 315 F. Supp. 2d at 878-79. Inasmuch as Movant has failed to demonstrate that he was even charged with the offense in state court, has never been offered

14

a two-year plea agreement by any prosecutor, and has no evidence of the existence of a "PSN plea program" in the Western District of Michigan, the requested discovery is either irrelevant or consists of nothing more than an unsupported "fishing expedition." *Bagley*, 380 F.3d at 974 n.24. The motion therefore will be denied.

## V.

The files and records in this case conclusively show that the Movant is entitled to no relief under § 2255. Accordingly no evidentiary hearing is required to resolve the merits of the pending motion. For the reasons stated herein, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be denied. The supplemental and ancillary motions filed by Movant also are denied as meritless.

Under 28 U.S.C. § 2253(c)(2), the Court must next determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

15

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability

An order consistent with this opinion will be entered.


Date:      June 11, 2007               /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE